IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORSE STEWART AND JEANINE
STEWART,

    Petitioners,

    v.

UNITED STATES of AMERICA,

    Respondent.

Civil No. 05-194-AS

FINDINGS AND RECOMMENDATION

ASHMANSKAS, Magistrate Judge:

Pursuant to 26 U.S.C. §7609(b)(2), the petitioners, Morse E. Stewart and Jeanine C. Stewart (collectively Stewarts), seek to quash 15 summonses[1] issued for records kept by "third-party

---

[1] On January 20, 2005, Internal Revenue Service (IRS) Revenue Agent Carla J. Oyala (Agent Oyala) issued IRS administrative summonses to Bank of America, Charles Schwab & Company Incorporated, and Washington Mutual Bank (Washington Mutual #1). All of these summonses directed the summonsed party to appear before Agent Oyala on February 20, 2005, to provide testimony and produce for examination books, papers, records, or other data as described in said summonses or attachments to the summonses.
On January 21, 2005, Agent Oyala issued IRS administrative

1 - FINDINGS AND RECOMMENDATION

recordkeepers." The Internal Revenue Service (IRS) needs the records to further its investigation into the federal income tax liabilities for Morse E. Stewart for tax years 1998 through 2003. The Stewarts contend that the summonses are defective and unenforceable due to various failures by the IRS to comply with statutory requirements and internal procedures for the issuance of summonses. In addition, the Stewarts allege that the "entire Bank Secrecy Act is unconstitutional on its face."

The respondent, United States of America (Government), moved to dismiss the Petition. The Government responds that (1) Jeanine C. Stewart lacks standing to challenge certain summonses and the Petition should be dismissed with respect to those summonses; (2) certain other summonses issued in Morse E. Stewart's and Jeanine C. Stewart's names should be quashed, but only as they relate to Jeanine C. Stewart; and (3) the Petition should be summarily denied as it relates to all summonses at issue with respect to Morse E. Stewart because the summonses are valid and enforceable.

---

summonses to Chase Manhattan Mortgage Corporation, Countrywide Home Loans, First Mutual Bank, Flagstar Bank FSB, GMAC Mortgage, Greenpoint Mortgage Funding, Inc., Indymac Bank DBA Loanworks, Mercantile Bank, U.S. Bank NA Home Mortgage, Washington Federal Savings & Loan, Washington Mutual Bank (Washington Mutual #2), and Wells Fargo Home Mortgage Inc. All of these summonses directed the summonsed party to appear before Agent Oyala on February 21, 2005, to provide testimony and produce for examination books, papers, records, or other data as described in said summonses or attachments to the summonses.

**DISCUSSION**

**I.   Jeanine C. Stewart**

The Government maintains that Jeanine C. Stewart is not a proper petitioner with respect to the summonses issued to Chase Manhattan Mortgage Corporation, Countrywide Home Loans, First Mutual Bank, Flagstar Bank FSB, GMAC Mortgage, Greenpoint Mortgage Funding, Inc., Indymac Bank DBA Loan works, Mercantile Bank, U.S. Bank NA Home Mortgage, Washington Mutual #2, Wells Fargo Home Mortgage Inc., and Bank of America, because she was not named in those summonses and, therefore, has no standing to petition to quash those summonses. Accordingly, the Government requests that the Petition be dismissed as it relates to Jeanine C. Stewart and those 12 summonses.

Under 26 U.S.C. § 7609, a taxpayer may intervene in proceedings to enforce an IRS summons if they are entitled to notice of the summons. Section 7609(a)(1) provides that the IRS must give notice of a summons issued to a third-party recordkeeper (such as a bank or other financial institution) to the taxpayer or anyone identified in the summons (other than the individual summoned), if that summons requires the production of documents with respect to that person. 26 U.S.C. § 7609(a)(1).

A taxpayer entitled to notice may bring a proceeding to quash the summons and the United States may seek to compel compliance with the summons in that same proceeding. 26 U.S.C. §

3 - FINDINGS AND RECOMMENDATION

7609(b)(2)(A). The clause for third-party summonses reads: "[A]ny person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons . . . ." 26 U.S.C. § 7609(b)(2)(A). However, section 7609(b)(2) "merely grants standing to the person entitled to notice so that he or she may challenge the summons in district court." Ip v. United States, 205 F.3d 1168, 1172 (9th Cir. 2000). Thus, if a person is not entitled to notice under § 7609(a), he or she has no standing to initiate an action to quash the summons. See, e.g., Ip, 205 F.3d at 1170 n.3 ("[I]f a person is not entitled to notice under § 7609(a), he or she has no standing to initiate an action to quash the summons."); see also U.S. v. First Bank, 737 F.2d 269, 54 (2d Cir. 1984).

As set forth above, this court does not have jurisdiction to adjudicate a petition to quash an IRS summons which is filed by a party not identified in the summons; even when the summons seeks information pertaining directly to the petitioner, such as here. Jeanine C. Stewart was not identified in the 12 enumerated summonses. Based on a plain reading of section 7609(a)(1), the statute does not require notice to the spouse of a named taxpayer, despite the existence of a joint account with that named taxpayer. While those summonses may seek records that relate to Jeanine C. Stewart, the IRS was not required to give her notice of the 12 summonses. Jeanine C. Stewart was not entitled to notice of, and

4 - FINDINGS AND RECOMMENDATION

cannot challenge the enforcement of, the 12 IRS summonses seeking information about the accounts. Accordingly, the Petition to Quash filed by Jeanine C. Stewart should be dismissed for lack of standing with respect to the 12 summonses in which she is not identified.

With respect to the summonses issued to Charles Schwab & Company, Inc., Washington Mutual #1, and Washington Federal Savings & Loan only, the Government concedes that those summonses incorrectly stated that they were issued in order to examine the federal tax liabilities of both Morse E. Stewart and Jeanine C. Stewart. There is no dispute that Agent Oyala is examining only the federal tax liabilities of Morse E. Stewart. As such, the Government concedes that those three summonses, as they relate to Jeanine C. Stewart only, should be quashed.

**II. Morse E. Stewart**

The Government insists that all 15 summonses remain valid and enforceable as they relate to Morse E. Stewart. The validity of those 15 summonses must be analyzed according to United States v. Powell, 379 U.S. 48, 57-58 (1964); see also Fortney v. United States, 59 F.3d 117 (9th Cir. 1995). In Powell, the court determined that to obtain enforcement of a summons, the IRS must show that:

> the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the

5 - FINDINGS AND RECOMMENDATION

>administrative steps required by the Code have been followed--in particular, that the Secretary or his delegate, after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

Powell, 379 U.S. at 57-58.

"The government's burden is a slight one and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." Fortney, 59 F.3d at 120 (quotation omitted). "Once a *prima facie* case is made a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith." Id. (quotation omitted).

Here Agent Oyala's declaration satisfies the Powell requirements to establish a *prima facie* case that she issued the summonses in good faith. In her declaration, Agent Oyala explained that she issued the summonses as part of her legitimate investigation into Morse E. Stewart's 1998 through 2003 tax liabilities; the summoned financial records relate to his financial activity between 1998 and 2003 and are relevant and necessary to determine Morse E. Stewart's income tax liabilities. Agent Oyala confirmed that she complied with IRS summons requirements by serving the attested copies of the IRS summonses on the summoned parties as evidenced by attached certificates of service. In addition, notice of the summonses was provided to Morse E. Stewart, at his last known address, by certified or registered mail.

6 - FINDINGS AND RECOMMENDATION

Finally, Agent Oyala declared that the IRS lacks possession of the financial records sought by the summonses and that there has been no referral for criminal prosecution. 26 U.S.C.A. § 7608. Agent Oyala' declaration satisfies the requirements set forth in Powell to establish a *prima facie* case that she issued the summons in good faith. The Government has met its burden.

Once the IRS establishes a *prima facie* case, the taxpayer bears the burden of challenging the Government's good faith in its objections to the summons. See Powell, 379 U.S. at 58; United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1345 (9TH Cir. 1983). "To make a showing of bad faith . . . a taxpayer must do more than allege an improper purpose; some evidence must be introduced to support the allegations made." Samuels, Kramer & Co., 712 F.2d at 1347-1348 (quotations and emphasis omitted). "[A] taxpayer must answer the Government's *prima facie* case through responsive pleadings, supported by affidavits, that allege specific facts in rebuttal." Id. (quotations and emphasis omitted). Unless the party challenging the summons can demonstrate that it was issued for an improper purpose, or was otherwise deficient, the Government is entitled to enforcement of the summons. United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316, 318 (1978).

In his opposition, Morse E. Stewart argues that the summonses should be quashed because of bad faith on the part of the IRS due to the IRS's failure to serve attested copies of the summonses to

7 - FINDINGS AND RECOMMENDATION

him pursuant to 26. U.S.C. § 7603, as well as the IRS' mistake in issuing the summonses to Charles Schwab & Company, Inc., Washington Mutual #1, and Washington Federal Savings & Loan in both Morse E. Stewart and Jeanine C. Stewart's names. Finally, Morse E. Stewart argues that the summonses should be quashed because the IRS failed to personally serve the third-party recordkeepers who are the summoned parties in this action.

Morse E. Stewart's arguments are without merit. There is no showing of bad faith simply because the IRS erroneously issued three of 15 summonses naming both Morse E. Stewart and Jeanine C. Stewart. At the Government's request, those three summonses have been quashed as they relate to Jeanine C. Stewart. Moreover, the IRS was not required to serve attested copies of the summonses on Morse E. Stewart and, therefore, that alleged failure cannot be the basis for a showing of bad faith. See Fortney, 59 F.3d at 120-121 (IRS is not required to serve taxpayer attested copy of summonses served on third-party recordkeepers).

Finally, regrading Morse E. Stewart's argument that the IRS failed to personally serve the third-party recordkeepers, he lacks standing "to assert as defenses enforcement issues which only affect the interests of the third-party record keeper, such as the defense that the third-party recordkeeper was not properly served

8 - FINDINGS AND RECOMMENDATION

with the summons. . . ." <u>Wright v. Unites States</u>, 964 F.Supp. 336, 338 (M.D.Fla. 1997); <u>accord</u> <u>Green v. Bank One N.A.</u>, 2005 WL 1221845 *4 (E.D.Cal. 2005)

The IRS made its *prima facie* showing of good faith and Morse E. Stewart failed to rebut this showing.  The government clearly has the authority to issue these summonses pursuant to federal statute and Morse E. Stewart's request to quash the summonses as they relate to him should be denied.

## CONCLUSION

Based on the foregoing, the Petition to Quash Third Party Summons (#1) should be GRANTED as to the summonses issued to Charles Schwab & Company, Inc., Washington Mutual #1, and Washington Federal Savings & Loan in the name of Jeanine C. Stewart only; the Petition should be DENIED in all other respects. Respondent's Motion for Partial Dismissal and Motion for Summary Denial of Petitioners' Petition to Quash Summons (#5) should be GRANTED.  Specifically, the Petition should be DISMISSED as it relates to Jeanine C. Stewart with respect to the summonses issued to Chase Manhattan Mortgage Corporation, Countrywide Home Loans, First Mutual Bank, Flagstar Bank FSB, GMAC Mortgage, Greenpoint

Mortgage Funding, Inc., Indymac Bank DBA Loan works, Mercantile Bank, U.S. Bank NA Home Mortgage, Washington Mutual #2, Wells Fargo Home Mortgage Inc., and Bank of America; and DENIED as it relates to all summonses at issue with respect to Morse E. Stewart.

Dated this __29__ day of August, 2005.

                                                         /s/Donald C. Ashmanskas
                                                          Donald C. Ashmanskas
                                         United States District Judge

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 13, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.